UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORA HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-2218 (RWR) |
| v. ) | |
| ) | |
| SECTEK, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM

Currently pending in the above-captioned case is defendant's Motion to Dismiss Plaintiff's Amended Complaint.[1] For the following reasons, the motion is granted in part and denied in part.

I. Background

On December 23, 2004, African-American plaintiff Cora Houston filed a complaint against her former employer, defendant SecTek, alleging racial discrimination. On April 19, 2005, plaintiff filed an amended complaint. Her amended complaint alleged three claims under Title VII (for racial discrimination, hostile work environment, and constructive termination); three claims under 42 U.S.C. § 1981 (also for racial discrimination, hostile work environment, and constructive termination), and one claim charging a violation of the District of Columbia Human Rights Act.

SecTek is a private Virginia company – doing business in the District of Columbia

---

[1] This motion has been assigned to the undersigned by consent. See May 18, 2006 Order.

– that provides security services to governmental agencies. From 1998 to June 2000, plaintiff worked as an Information Security Specialist at USATREX, another security services company. Part of her duties was to provide the Environmental Protection Agency with security-related services. See Amen. Compl. ¶¶ 4-6. In June 2000, EPA awarded the security services contract previously held by USATREX to SecTek. Plaintiff was subsequently retained at a "higher wage level" by SecTek to work on the EPA contract. See id. ¶ 8. However, plaintiff alleges that her supervisor at SecTek, Andrea Czeck, gave her menial tasks to perform, overly criticized her job performance, and generally subjected her to an abusive work environment. On December 27, 2000,[2] "to avoid further stress and humiliation," Houston terminated her employment with SecTek.

In April 2001 and on September 4, 2001, plaintiff filed EEOC complaints alleging discrimination based on race, color, and national origin. See id. ¶ 13. On January 27, 2005, the EEOC dismissed her complaints.

## II. Defendant's Motion to Dismiss

### A. Title VII Claims

Defendant moves to dismiss plaintiff's Title VII claims on the ground that laches bars them. Defendant maintains that plaintiff's four-year delay between the filing of her administrative complaint and the filing of her suit in federal court was unreasonable and constitutes laches.

---

[2]Plaintiff concedes that her termination date was December 27, 2000. See Opp. at 2. The amended complaint erroneously listed the date as December 27, 2001.

This argument is wholly without merit. As defendant knows, the EEOC did not issue a right-to-sue letter until January 27, 2005. See Def's Mot. to Dismiss at 4 n.3. Her apparent decision to wait for the administrative process to run its course before filing suit is entirely reasonable and comports with the strong policy interests in administrative exhaustion. See, e.g., Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995). Accordingly, defendant's motion to dismiss the Title VII claims is denied.

**B.    Section 1981 Claims**

The statute of limitations for 42 U.S.C. § 1981 discrimination claims is four years. See Jones v. R.R. Donnelley & Sons, 541 U.S. 369, 383-84 (2004). The original complaint was filed December 23, 2004. Defendant argues that all of the allegedly discriminatory conduct occurred before December 23, 2000. As a result, defendant contends, the § 1981 claims are time-barred.

In a motion to dismiss, the court "construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." Venetian Casino Resort v. EEOC, 409 F.3d 359, 364 (D.C. Cir. 2005) (citations and internal quotations omitted); see also Conley v. Gibson, 355 U.S. 41, 47-48 (1957). It is undisputed that plaintiff left SekTek on December 27, 2000, which is less than four years before she filed the instant complaint. Plaintiff has adequately pled that the discrimination ceased only when she left the company. As a result, plaintiff's § 1981 claims are timely, and defendant's motion to dismiss these claims is denied.

C.     D.C. Human Rights Act Claims

The D.C. Human Rights Act provides that an aggrieved party may file suit "within one year of the unlawful discriminatory act." D.C. Code § 2-1403.16(a). If the party files an administrative complaint, the statute of limitations is tolled "while the complaint is pending." Id.

In this case, the last possible date of alleged discriminatory acts was her termination date – December 27, 2000. Plaintiff filed her administrative complaint 251 days later on September 4, 2001. Her administrative complaint was dismissed on August 17, 2004; she filed suit in this court 128 days later on December 23, 2004. Accordingly, plaintiff filed her complaint in federal court 379 days after the last possible date of defendant's discriminatory acts.[3] For that reason, defendant argues that her complaint should be dismissed because it was not filed within the one-year limitation.

Plaintiff's only response is to argue that, because she could have filed a motion for reconsideration within 30 days of the dismissal of her administrative complaint, the proper moment to restart the clock was when the 30-day period elapsed – and not when her administrative complaint was dismissed. This contention has no merit. The plain language of the statute provides that the statute of limitations is tolled "while the complaint is pending." D.C. Code § 2-1403.16(a). Her complaint was not pending after

---

[3]Plaintiff claims that she did not receive the dismissal letter until 10 days after its issuance. Assuming *arguendo* that the date of receipt controls, it is nevertheless undisputed that she waited 369 days to file the instant lawsuit.

its dismissal. Accordingly, her claim under the D.C. Human Rights Act was untimely and must be dismissed.

## III.    Conclusion

For the foregoing reasons, an accompanying Order grants defendant's motion to dismiss plaintiff's D.C. Human Rights Act claim, and denies defendant's motion to dismiss the remaining claims.


/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2006