```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                            )
CORA HOUSTON,               )
                            )
     Plaintiff,             )
                            )
     v.                     )    Civil Action No. 04-2218 (RWR)
                            )
SECTEK, INC.,               )
                            )
     Defendant.             )
_____)
```

## MEMORANDUM ORDER

The plaintiff has moved to supplement an exhibit bearing excerpts of her interrogatory responses that was attached to her opposition to defendant's motion for summary judgment.  The supplement is a copy of the sworn verification page she signed and attached to her interrogatory responses.  The motion is in response to the defendant's reply in support of summary judgment, which argued that the answers to interrogatories are insufficient to support the plaintiff's opposition to summary judgment because they are unsworn and cannot be used to create a factual dispute with the plaintiff's own deposition testimony.  The defendant opposes plaintiff's motion, citing cases that support the proposition that the plaintiff cannot create an issue of material fact through the use of later affidavits that contradict earlier deposition testimony.

-2-

Federal Rule of Civil Procedure 56 states that the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The plaintiff argues that unlike cases where an affidavit was made after the deposition, the plaintiff's verified interrogatory answers were given and provided to the defendant before the deposition.

Rule 56 does not explicitly require that the answers be verified.  However, one persuasive view is that when a party relies on its own answer to an interrogatory to oppose a motion for summary judgment, the answers "must (1) be based upon the personal knowledge of the person supplying the answers; (2) set forth facts which would be admissible in evidence; and (3) affirmatively demonstrate that the person supplying the information is competent to supply the answers."  Brand v. Westall, Civil Action No. 94-312 (DAR), 1995 WL 235579, at *4 (D.D.C. Apr. 21, 1995).  See also Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 273 n.1 (2d Cir. 1968) (stating that "[a]lthough answers to interrogatories may be considered so far as they are admissible under the rules of evidence, where such answers are not based upon personal knowledge, such answers have no probative force" (internal quotation marks omitted)); Planmatics, Inc. v. Showers, 137 F. Supp. 2d 616, 622 (D. Md.

Case 1:04-cv-02218-RWR   Document 32   Filed 06/30/08   Page 3 of 3

-3-

2001) (stating that plaintiff's own sworn answers to interrogatories can be considered on a motion for summary judgment, but that the answers must be admissible under the Rules of Evidence and satisfy the requirements of Rule 56(e)); <u>Wendling v. Ruiz</u>, Civil Action No. 06-9497, 2007 WL 4233551, at *3 (E.D. La. Nov. 28, 2007) (noting that another court has applied Rule 56(e)'s technical requirements to interrogatory answers, and concluding that because the plaintiff's answers to the interrogatories were unsworn, they could not be considered competent summary judgment proof).

The plaintiff's verification states that the information in the answers is not necessarily based solely upon the plaintiff's knowledge, but is also based upon her attorney's knowledge.  Such a verification fails to establish that the plaintiff would be competent to sponsor the answers as admissible evidence of which she had personal knowledge.  Since supplementing the exhibit with an inadequate verification would be futile, it is hereby

ORDERED that plaintiff's motion [29] for leave to supplement be, and hereby is, DENIED.

SIGNED this 30th day of June, 2008.

                                                                               /s/            
                                        RICHARD W. ROBERTS
                                        United States District Judge